Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
445 S. Figueroa Street
Suite 3100
Los Angeles, California 90071
Telephone: (213) 426-2137

Attorneys for Plaintiff
BACKGRID USA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC., | Case No. 2:26-cv-7174 |
| *Plaintiff*, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | |
| SILK LAUNDRY CA INC., | |
| *Defendant.* | *Jury Trial Demanded* |

Plaintiff BackGrid USA, Inc., for its Complaint against defendant Silk Laundry CA Inc., alleges as follows:

## JURISDICTION

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

## PARTIES

2. Plaintiff BackGrid USA, Inc. is an entity organized and existing under the laws of the state of California with its principal place of business in Redondo Beach, California.

3. BackGrid is a global premier celebrity news and photo agency that provides the world's top news outlets with real-time content from the world's top

1
COMPLAINT

photographers. BackGrid also maintains a library of photographs on a diverse range of subjects including celebrities, music, sports, fashion, and royalty.

4. BackGrid licenses its photographs to leading magazines, newspapers, and editorial clients, throughout the world, including in the United States and in California.

5. On information and belief, defendant Silk Laundry is an entity organized and existing under the laws of the State of California with its principal place of business in West Hollywood, California.

6. Silk Laundry is an Australian women's luxury fashion and apparel brand renowned for its eco-conscious, luxurious, high quality silk clothing.

7. On information and belief, defendant Silk Laundry is the owner and operator of the Instagram account @silklaundry.

8. The Court has personal jurisdiction over defendant Silk Laundry because it is organized under California law and has its principal place of business in this state and judicial district.

9. Venue is proper in this district under 28 U.S.C. § 1400(a).

## BACKGROUND FACTS

### *The Copyrighted Photographs*

10. BackGrid is the owner and copyright holder of a photographic image (the "Photograph") depicting American model and media personality Emily Ratajkowski on the streets of New York City, wearing a black, long bias-cut skirt produced and sold by apparel brand Silk Laundry.

11. Within 90 days of first publication, the Photograph was registered with the U.S. Copyright Office as Registration No. VA 2-370-975 (eff. Oct. 19, 2023).

### *Defendant's Infringements*

12. BackGrid never licensed the Photograph to defendant. Nevertheless, defendant used the Photograph without authorization or permission from BackGrid to do so.

2

COMPLAINT

13. Specifically, on August 16, 2023, Silk Laundry copied the Photograph, stored it on internal servers or hard drives, then displayed it on Instagram via the @silklaundry account.

14. On information and belief, Silk Laundry's copying and display of the Photograph on Instagram were for the purpose of promoting its product, which was featured being worn by the celebrity in the Photograph.

### *Defendant's Infringement Harmed BackGrid*

15. The Photograph is creative, distinctive, and—as evidenced by defendant's use and misappropriation of it—valuable. Because of the celebrity status of the people depicted in them, and the Photograph's quality and visual appeal, BackGrid stood to gain revenue from licensing the Photograph.

16. But defendant's unauthorized use of the Photograph harmed the existing and future market for it. Defendant's Instagram posts and story posts made the Photograph immediately available to its followers and the public, including consumers of fashion and celebrity news, who would otherwise be interested in viewing licensed versions of the Photograph in the magazines and newspapers that are plaintiff's customers.

17. Defendant's unauthorized use of the Photograph also harms BackGrid's business model by driving down the prices for legitimately licensed celebrity images and driving away BackGrid's actual and potential customers. BackGrid's customers—among them, media companies who pay large license fees for celebrity visual content—are less likely to purchase licenses, or pay as much for a license, when the same visual content will be widely distributed simultaneously on publicly available social media.

18. In addition, defendant's unauthorized uses of the Photograph is commercial in nature. Silk Laundry uses its Instagram feed for the purposes of promotion and advertising—specifically, to promote its own business interests and products. Indeed, on information and belief, defendant specifically posted the

Photographs on Instagram to advertise its apparel worn by well-known celebrities. Accordingly, Silk Laundry stood to gain from posting the Photograph because the association with celebrities would elevate the Silk Laundry brand and consequently the products worn by them. In short, by associating their brand with well-known celebrities, Silk Laundry increased their brand visibility and status.

19.    At the time that defendant copied and displayed the Photograph, defendant knew that they did not have authorization or permission to do so, or acted in reckless disregard of BackGrid's rights under the copyright laws.

## CLAIM ONE

## (For Copyright Infringement)

20.    All prior paragraphs are incorporated into this claim.

21.    BackGrid is the copyright owner of the protected Photograph named above in this Complaint.

22.    Defendant has reproduced, displayed, distributed or otherwise copied the Photograph without BackGrid's authorization or license.

23.    The foregoing acts of defendant infringed upon the exclusive rights granted to photographers under 17 U.S.C. § 106 to display, reproduce, and distribute their work to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

24.    BackGrid has complied in all respects with 17 U.S.C §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced works in accordance with 17 U.S.C § 408.

25.    BackGrid suffered damages as a result of defendant's unauthorized use of the Photograph.

26.    Having timely registered its copyright in the Photograph, BackGrid is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered before the infringements.

4

COMPLAINT

27. BackGrid alleges, on information and belief, that that defendant's actions were intentional or in reckless disregard of plaintiff's copyrights, and that such actions support an award of enhanced statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

28. In the alternative, BackGrid is entitled to recovery of its actual damages and defendant's profits attributable to the infringement of the Photograph, under 17 U.S.C. § 504(b).

29. Within the time permitted by law, BackGrid will make its election between actual damages and profit disgorgement, or statutory damages.

30. BackGrid is also entitled to a discretionary award of attorney fees under 17 U.S.C. § 412 and § 505.

## PRAYER FOR RELIEF

WHEREFORE, BackGrid requests the following:

A. For a preliminary and permanent injunction against defendant and anyone working in concert with them from further copying, displaying, distributing, selling, or offering to sell plaintiff's Photograph described in the Complaint;

B. For an order requiring defendant to account to plaintiff for their profits and any damages sustained by plaintiff arising from the acts of infringement;

C. As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Photographs used in violation of plaintiff's copyrights—including digital copies or any other means by which they could be used again by the defendant without plaintiff's authorization—as well as all related records and documents.

D. For actual damages and all profits derived from the unauthorized use of plaintiff's Photograph or, where applicable and at plaintiff's election, statutory damages.

E. For an award of pre-judgment interest as allowed by law;

F. For reasonable attorney fees.

G.      For court costs, expert witness fees, and all other amounts authorized under law.

H.      For such other and further relief as the Court deems just and proper.

### JURY TRIAL DEMAND

BackGrid demands a trial by jury of all issues permitted by law.

Dated:  July 1, 2026                  **PERKOWSKI LEGAL, PC**

By:     /s/ Peter Perkowski
        Peter E. Perkowski

        Attorneys for Plaintiff
        BACKGRID USA, INC.

6
COMPLAINT